# EXHIBIT D

*Jacques G. Simon*
*Attorney at Law*

---

*email: jgs@jacquessimon.com*
*url: jacquessimon.com*

New York City Offices

750 Third Avenue,
9th Floor
New York, New York 10016
Telephone: (212) 906-9077
Facsimile: (212) 906-0010

* Bar Admissions: NY, CT, GA. TX

Respond to ☐NY ☐LI

Long Island, NY Offices

100 Jericho Quadrangle,
Suite #208
Jericho, NY 11753
Telephone: (516)378-8400
Facsimile: (516)378-2700

May 26, 2017

VIA FED EX OVERNIGHT
and email (where stated)
Leslie Eisenberg, Associate Counsel - OPMC
New York State Dept. of Health
90 Church Street, 4th Floor
New York, NY 10007
Counsel for the Petitioner
Email: leslie.eisenberg@health.ny.gov

JHO Kimberly O'Brien
New York State Department of Health
Bureau of Adjudication Riverview Center
150 Broadway, Suite 510
Albany, New York 12204-2719
kimberly.obrien@health.ny.gov

JAMES HORAN,
Director of Bureau of Adjudication
150 Broadway, Suite 510
Albany, New York 12204-2719
(VIA FED EX ONLY)

Re: OPMC v. Cameron - Hearing Scheduled June 12, 2017

Dear Counsel and Hon. JHOs:

I represent Dr. Cameron with respect to the above referenced matter. Enclosed herein

please find the responsive pleading interposed pursuant to PHL Sec. 230(10)(c) on behalf of Dr. Cameron. Kindly docket the same accordingly.

Very truly yours,

Jacques G. Simon

JGS/mfa/encls.

STATE OF NEW YORK: DEPARTMENT OF HEALTH
STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT
___________________________________________X

**IN THE MATTER**

**OF**

**DANIEL CAMERON M.D.**
___________________________________________X

**Respondent's Answer pursuant to 10 NYCRR § 51.5 and PHL Sec. 230(10)(c).**

The respondent, DANIEL CAMERON M.D. by his undersigned attorney, interposes this answer/responsive pleading to each and every allegation of the statement of charges pursuant to PHL Sec. 230(10)(a)(2) and 10 NYCRR Sec. 51.5 and sets forth as follows:

**I. Response to allegations regarding Patient "A" (pp. 1-2 of the SOC).**

1. With respect to the general allegations and recitations set forth in paragraph "A" at pp. 1-2 of the SOC, the Respondent denies each and every allegation set forth therein and leaves the Petitioner to its proof.

2. Respondent denies each and every allegation set forth in paragraph A(1) at p. 2 of the SOC in their entirety.

3. Respondent denies each and every allegation set forth in paragraph A(2) at p. 2 of the SOC in their entirety.

4. Respondent denies each and every allegation set forth in paragraph A(3) at p. 2 of the SOC in their entirety.

5. Respondent denies each and every allegation set forth in paragraph A(4) at p. 2 of the SOC in their entirety.

6. Respondent denies each and every allegation set forth in paragraph A(5) at p. 2 of the SOC in their entirety.

7. Respondent denies each and every allegation set forth in paragraph A(6) at p. 2 of the SOC in their entirety.

8. Respondent denies each and every allegation set forth in paragraph A(7) at p. 2 of the SOC in their entirety.

9. Respondent denies each and every allegation set forth in paragraph A(8) at p. 2 of the SOC in their entirety.

## II. Response to allegations regarding Patient "B" (pp. 2-4 of the SOC).

10. With respect to the general allegations and recitations set forth in paragraph "B" at pp. 2-3 of the SOC, the Respondent denies each and every allegation set forth therein and leaves the Petitioner to its proof.

11. Respondent denies each and every allegation set forth in paragraph B(1) at p. 3 of the SOC in their entirety.

12. Respondent denies each and every allegation set forth in paragraph B(2) at p. 3 of the SOC in their entirety.

13 Respondent denies each and every allegation set forth in paragraph B(3) at p. 3 of the SOC in their entirety.

14. Respondent denies each and every allegation set forth in paragraph B(4) at p. 3 of the SOC in their entirety.

15. Respondent denies each and every allegation set forth in paragraph B(5) at p. 4 of the SOC in their entirety.

17. Respondent denies each and every allegation set forth in paragraph B(6) at p. 4 of the SOC in their entirety.

18. Respondent denies each and every allegation set forth in paragraph B(7) at p. 4 of the SOC in their entirety.

19. Respondent denies each and every allegation set forth in paragraph B(8) at p. 4 of the SOC in their entirety.

20. Respondent denies each and every allegation set forth in paragraph B(9) at p. 4 of the SOC in their entirety.

21. Respondent denies each and every allegation set forth in paragraph B(10) at p. 4 of the SOC in their entirety.

## III. Response to allegations regarding Patient "C" (pp. 4-5 of the SOC).

22. With respect to the general allegations and recitations set forth in paragraph "C" at pp. 4-5 of the SOC, the Respondent denies each and every allegation set forth therein and leaves the Petitioner to its proof.

23. Respondent denies each and every allegation set forth in paragraph C(1) at p. 5 of the SOC in their entirety.

24. Respondent denies each and every allegation set forth in paragraph C(2) at p. 5 of the SOC in their entirety.

25. Respondent denies each and every allegation set forth in paragraph C(3) at p. 5 of the SOC in their entirety.

26. Respondent denies each and every allegation set forth in paragraph C(4) at p. 5 of the SOC in their entirety.

27. Respondent denies each and every allegation set forth in paragraph C(5) at p. 5 of the SOC in their entirety.

## IV. Response to allegations regarding Patient "D" (pp. 5-6 of the SOC).

28. With respect to the general allegations and recitations set forth in paragraph "D" at pp. 5-6 of the SOC, the Respondent denies each and every allegation set forth therein and leaves the Petitioner to its proof.

29. Respondent denies each and every allegation set forth in paragraph D(1) at p. 6 of the SOC in their entirety.

30. Respondent denies each and every allegation set forth in paragraph D(2) at p. 6 of the SOC in their entirety.

31. Respondent denies each and every allegation set forth in paragraph D(3) at p. 6 of the SOC in their entirety.

32. Respondent denies each and every allegation set forth in paragraph D(4) at p. 6 of the SOC in their entirety.

33. Respondent denies each and every allegation set forth in paragraph D(5) at p. 6 of the SOC in their entirety.

34. Respondent denies each and every allegation set forth in paragraph D(6) at p. 6 of the SOC in their entirety

## V. Response to allegations regarding Patient "E" (pp. 6-8 of the SOC).

35. With respect to the general allegations and recitations set forth in paragraph "E" at pp. 6-7 of the SOC, the Respondent denies each and every allegation set forth therein and leaves the Petitioner to its proof.

36. Respondent denies each and every allegation set forth in paragraph E(1) at p. 7 of the SOC in their entirety.

37. Respondent denies each and every allegation set forth in paragraph E(2) at p. 7 of the SOC in their entirety.

38. Respondent denies each and every allegation set forth in paragraph E(3) at p. 7 of the SOC in their entirety.

39. Respondent denies each and every allegation set forth in paragraph E(4) at p. 7 of the SOC in their entirety.

40. Respondent denies each and every allegation set forth in paragraph E(5) at p. 7 of the SOC in their entirety.

41. Respondent denies each and every allegation set forth in paragraph E(6) at p. 7 of the SOC in their entirety.

42. Respondent denies each and every allegation set forth in paragraph E(7) at p. 7 of the SOC in their entirety.

43. Respondent denies each and every allegation set forth in paragraph E(8) at p. 8 of the SOC in their entirety.

## VI. Response to allegations regarding Patient "F" (pp. 8-9 of the SOC).

44. With respect to the general allegations and recitations set forth in paragraph "F" at pp. 8 of the SOC, the Respondent denies each and every allegation set forth therein and leaves the Petitioner to its proof.

45. Respondent denies each and every allegation set forth in paragraph F(1) at p. 8 of the SOC in their entirety.

46. Respondent denies each and every allegation set forth in paragraph F(2) at p. 8 of the SOC in their entirety.

47. Respondent denies each and every allegation set forth in paragraph F(3) at p. 8 of the SOC in their entirety.

48. Respondent denies each and every allegation set forth in paragraph F(4) at p. 8 of the SOC in their entirety.

49. Respondent denies each and every allegation set forth in paragraph F(5) at p. 8 of the SOC in their entirety.

50. Respondent denies each and every allegation set forth in paragraph F(6) at p. 8 of the SOC in their entirety.

51. Respondent denies each and every allegation set forth in paragraph F(7) at p. 9 of the SOC in their entirety.

## VII. Response to allegations regarding Patient "G" (pp. 9-10 of the SOC).

52. With respect to the general allegations and recitations set forth in paragraph "G" at pp. 9 of the SOC, the Respondent denies each and every allegation set forth therein and leaves the Petitioner to its proof.

53. Respondent denies each and every allegation set forth in paragraph G(1) at p. 9 of the SOC in their entirety.

54. Respondent denies each and every allegation set forth in paragraph G(2) at p. 9 of the SOC in their entirety.

55. Respondent denies each and every allegation set forth in paragraph G(3) at p. 9 of the SOC in their entirety.

56. Respondent denies each and every allegation set forth in paragraph G(4) at p. 9 of the SOC in their entirety.

57. Respondent denies each and every allegation set forth in paragraph G(5) at pp. 9-10 of the SOC in their entirety.

58. Respondent denies each and every allegation set forth in paragraph G(6) at p. 10 of the SOC in their entirety.

59. Respondent denies each and every allegation set forth in paragraph G(7) at p. 10 of the SOC in their entirety.

60. Respondent denies each and every allegation set forth in paragraph G(8) at p. 10 of the SOC in their entirety.

61. Respondent denies each and every allegation set forth in paragraph G(9) at p. 10 of the SOC in their entirety.

**RESPONSE TO SPECIFICATION OF CHARGES**

**RESPONSE TO FIRST SPECIFICATION ALLEGING NEGLIGENCE ON MORE THAN ONE OCCASION.**

62. The respondent denies each and every allegation recited under the First Specification alleging Negligence in More than One Occasion at pp. 10-11 of the SOC.

63. Respondent specifically denies any misconduct which amounts to "Negligence on More than One Occasion" as defined by Education Law Sec. 6530(3) and denies each and every allegation in the SOC charging him with any act of professional medical misconduct as defined by Education Law Sec. 6530(3).

64. The respondent denies each and every allegation set forth in paragraph "1" of the First Specification at pp. 10-11 of the SOC.

**RESPONSE TO SECOND SPECIFICATION ALLEGING INCOMPETENCE ON MORE THAN ONE OCCASION.**

65. The respondent denies each and every allegation recited under the Second Specification alleging Incompetence in More than One Occasion at p. 11 of the SOC.

66. Respondent specifically denies any misconduct which amounts to "Incompetence on More than One Occasion" as defined by Education Law Sec. 6530(5) and denies each and every allegation in the SOC charging him with any act of professional medical misconduct as defined by Education Law Sec. 6530(5).

67. The respondent denies each and every allegation set forth in paragraph "2" of the Second Specification at pp. 11 of the SOC.

**RESPONSE TO THIRD THROUGH NINTH SPECIFICATION ALLEGING GROSS NEGLIGENCE.**

68. The respondent denies each and every allegation recited under the Third through Ninth Specifications alleging Gross negligence at p. 11 of the SOC.

66. Respondent specifically denies any misconduct which amounts to "Gross Negligence" as defined by Education Law Sec. 6530(4) and denies each and every allegation in the SOC charging him with any act of professional medical misconduct as defined by Education Law Sec. 6530(4).

67. The respondent denies each and every allegation set forth in paragraphs "2" through "9" inclusive of the Third through Ninth Specifications at pp. 11-12 of the SOC.

**RESPONSE TO TENTH SPECIFICATION ALLEGING**

**GROSS INCOMPETENECE.**

68. The respondent denies each and every allegation recited under the Tenth Specification alleging Gross Incompetence at p. 12 of the SOC.

69. Respondent specifically denies any misconduct which amounts to "Gross Negligence" as defined by Education Law Sec. 6530(6) and denies each and every allegation in the SOC charging him with any act of professional medical misconduct as defined by Education Law Sec. 6530(6).

70. The respondent denies each and every allegation set forth in paragraph "10" of the Tenth Specification at p. 12 of the SOC.

**RESPONSE TO ELEVENTH SPECIFICATION ALLEGING**

**FAILURE TO MAINTAIN RECORDS.**

71. The respondent denies each and every allegation recited under the Tenth Specification alleging Failure to maintain Records at pp. 12-13 of the SOC.

72. Respondent specifically denies any misconduct which amounts to "Failure to Maintain records" as defined by Education Law Sec. 6530(32) and denies each and every allegation in the SOC charging him with any act of professional medical misconduct as defined by Education Law Sec. 6530(32).

73. The respondent denies each and every allegation set forth in paragraph "11" of the Eleventh Specification at p. 13 of the SOC.

**AS AN FOR A FIRST AFFIRMATIVE DEFENSE - LACK OF SUBJECT MATTER JURISDCION AND VIOLATION OF PHL SEC. 230(9-b).**

75. The Respondent contends that the Petitioner lacks subject matter jurisdiction to maintain these charges because the same were brought in violation of Public Health Law Sec. 230-9b which was enacted and became effective on March 12, 2015 and which specifically prohibits this prosecution from being maintained at all.

76. Specifically, the respondent maintains that he diagnosed and treated Lyme Disease in patients "A" through "G" while he provided of a treatment modality to the particular patients that according to the Petitioner is not "universally accepted by the medical profession, and which includes but is "not limited to, varying modalities used in the treatment of Lyme disease and other tick-borne diseases." As provided by PHL Sec. 230(9-b).

77. The Respondent contends that he diagnosed and treated patients "A" through "G" through methodology published and approved by the guidelines of the International Lyme and Associated Diseases Society ("ILADS") while the Petitioner propounds and supports diagnosis and treatment of Lyme by and under the guidelines of the Infectious Disease Society of America ("IDSA").

78. The respondent contends that the Petitioner's prosecution of the respondent is maintained in violation of PHL Sec. 230(9-b) and in excess of the power and subject matter jurisdiction of the Petitioner.

79. The respondent is aware that the JHO is not authorized to dismiss the charges because of the Commissioner's regulation 10 NYCRR 51.9(d). However, the hearing officer is authorized to hear argument on facts and law in accordance with 10 NYCRR 51.9(c)(8) and to rule on such legal matters.

80. Consequently, the respondent demands that a hearing on the legal merits of his defense regarding lack of subject matter jurisdiction to maintain this proceeding in violation of PHL Sec. 230(9-b) should be held before the Petitioner is allowed to present the merits of their prosecution.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE - FAILURE TO COMPLY WITH PROCEDURAL MANDATES OF PHL SEC. 230.**

81. The Respondent states that he was not afforded the statutory condition precedent interview mandated by PHL Sec. 230(10)(a)(iii)and that he was never given the pre requisite statutory notices mandated by PHL Sec. 230(10)(a)(iii)(A) through PHL Sec. 230(10)(a)(iii)(C) regarding the allegations brought in the statement of charges based upon which this license disciplinary proceeding is predicated.

82. Respondent contends that the Petitioner manipulated the license disciplinary process in order to obtain the consensus of an investigative committee for the prosecution based upon falsified Reports of Investigation and based upon impermissible comments responsive to respondent's interview answers and in violation of PHL Sec. 230(10)(a)(iii)(A) through PHL Sec. 230(10)(a)(iii)(C) and PHL Sec. . 230(10)(a)(iv).

83. In the first place, none of the issues stated in the SOC were identified as the issues of the statutory interviews offered to the Respondent in 2010.

84. The defendants filed the charges in violation of the mandatory pre requisite interview requirements of PHL Sec. 230(10)(a)(iii). They never offered the Respondent an interview addressing any of the issues in the SOC. Rather the interview was related to the diagnosis and treatment of Lyme disease and differential diagnosis and nothing else. Thus, in the absence of the interview addressing the issues in the SOC, no committee could have been convened to

consider such issues in the first place, let alone obtain the committee's consensus to the continuation of the prosecution based upon the charges now contained in the SOC. PHL Sec. 230(10)(a)(iii) and PHL Sec. 230(10)(a)(iv).

85. Because the issues contained in the SOC were neither identified in the initiating letters as provided by PHL Sec. 230(10(a)(iii)(A) nor subject to the condition precedent interview of PHL Sec. 230(10(a)(iii), nor were they the subject matter of the post interview issues identified in the ROI pursuant to PHL Sec. 230(10(a)(iii)(B), any issues stated on the SOC which were not subject to the foregoing condition precedent statutory requirements amount to and evidence the staging of the bad faith prosecution.

86. The BPMC Committee could never have authorized the prosecution based on the charges contained in the SOC simply because none of them were submitted for consideration to the Committee pursuant to PHL Sec. 230(10)(a)(iii)(C).

87. The Director of the OPMC cannot direct the filing of the charges without obtaining the consensus of the majority of the Committee. See PHL Sec. 230(10)(a)(iv). Because no such consensus was obtained since the issues contained in the SOC were never submitted to the Committee, the SOC is further evidence of the staging of the bad faith prosecution.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE - PREJUDICE DUE TO DELAY.**

88. The Petitioners are seeking to prosecute the respondent for medical conduct which dates back as far as 20 years ago.

89. Admittedly the prosecution is predicated upon a complaint received from oxford healthcare plans in 2002.

90. None of the patients in question are current patients of the respondent and their whereabouts are unknown to the Respondent. Consequently, he cannot call the patients to testify on his behalf live thereby suffering great prejudice to his defense.

WHEREFORE, the respondent requests that his claims and procedural motions be adjudicated before the hearing on the merits of the case is held. The respondent further requests that the Committee dismiss all of the charges against him.

Dated: May 26, 2017

Jacques G. Simon Esq.,
100 Jericho Quadrangle, Suite 208
Jericho, NY 11753
Phone: (516) 378-8400
Fax: (516) 378-2700
Email: jgs@jacquessimon.com

**AFFIRMATION OF SERVICE**

I am an attorney duly admitted to the practice of Law before the Courts of the State of New York. On May26, 2017 I caused the within responsive Pleading to be served via electronic mail and Federal Express next business day delivery on the following:

Leslie Eisenberg, Associate Counsel
Bureau of Professional Medical Conduct
New York State Dept. of Health
90 Church Street, 4th Floor
New York, NY 10007
Counsel for the Petitioner
Email: leslie.eisenberg@health.ny.gov

JHO Kimberly O'Brien
kimberly.obrien@health.ny.gov
New York State Department of Health
Bureau of Adjudication Riverview Center
150 Broadway, Suite 510
Albany, New York 12204-2719

JAMES HORAN,
Director of Bureau of Adjudication
150 Broadway, Suite 510
Albany, New York 12204-2719
(VIA FED EX ONLY).

Dated: May 26, 2017

Jacques G. Simon