UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
DANIEL CAMERON M.D.

        Plaintiff,

  -against-

JANN BELLAMY M.D., DAVID H. GORSKI M.D.,
STEVEN NOVELLA M.D., KIMBALL C. ATWOOD IV
M.D., HARRIET HALL M.D., MARK A. CRISLIP M.D.,

        Defendants.
------------------------------------------------------------------ X

Case No.: 7:18-cv-10395(VB)

## JANN BELLAMY i/s/h/a JANN BELLAMY M.D.'S MEMORANDUM OF LAW IN REPLY TO THE MOTION TO DISMISS THE AMENDED COMPLAINT

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Sasha R. Grandison (SG1023)
*Attorneys for Jann Bellamy i/s/h/a Jann Bellamy M.D.*
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in reply and in further support of JANN BELLAMY i/s/h/a JANN BELLAMY, M.D.'s (hereinafter "Bellamy") motion pursuant to Fed. R. Civ. P. 12(b)(2) and (6) seeking dismissal of the Amended Complaint, for attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

As a preliminary matter, plaintiff's memorandum in opposition to the instant motion should be limited to 25 pages pursuant to the Honorable Judge Vincent L. Briccetti's part rules. Although plaintiff requested leave to submit a 35 page memorandum of law in opposition to all defendants' motions to dismiss, the request was solely based upon the fact that all six defendants filed motions to dismiss. (See Jacques Simon's Letter-Motion dated March 26, 2019 as Dkt. No. 96). In his letter-motion, plaintiff's counsel contended that the 25 page limit was inadequate to answer "all of the issues raised in *six separate motions to dismiss*". (Id.). *emphasis added*. In light of the fact that plaintiff discontinued all claims against co-defendants prior to the filing of his opposition to the instant motion (which was specifically noted in plaintiff's memorandum in opposition), plaintiff's memorandum of law in opposition to the instant motion should have been limited to 25 pages, as his opposition only addresses the issues raised in one motion, not six motions. It is therefore requested that all pages after the 25th page of plaintiff's memorandum of law be disregarded by the Court.

Substantively, the Amended Complaint must be dismissed in its entirety. Relying upon the bare allegations in the Amended Complaint, plaintiff simply repeats the same arguments, all of which are debunked by controlling law. This case is about a public figure physician, who engages in the treatment of an alleged diagnosis, in which there is ongoing debate about the validity of the diagnosis, and which JANN BELLAMY (hereinafter "Bellamy") expressed her opinions based upon the vast amount of information and sources specifically cited in the articles entitled

1

""Chronic Lyme" VIP Daniel Cameron disciplined by New York medical authorities" (hereinafter the "Cameron Article") and "Another "Chronic Lyme" VIP disciplined by NY Medical authorities: Bernard Raxlen" (hereinafter the "Raxlen Article"). Therefore, the statements are constitutionally protected as opinions. The statements are also not actionable as defamation, as they are not "of and concerning" plaintiff, plaintiff failed to plead actual malice, and the statements are protected pursuant to Florida's anti-SLAPP law and pursuant to Section 74 of the New York Civil Rights Law.

In regard to jurisdiction, case law is unequivocally clear that alleged defamatory statements made outside of New York must be purposefully directed at New York, as opposed to reaching New York, and the defendant must have transacted other business in New York directly connected to the underlying defamation claim; neither of these factors are present in the instant matter. The components of the website that plaintiff allege are "interactive" are either insufficient to establish jurisdiction over a defendant or do not have any nexus to the alleged defamatory statements. Therefore, New York does not have personal jurisdiction over Bellamy.

## ARGUMENT

### Point II. The Raxlen Article is not an Actionable Republication and Does Not Contain Defamatory Statements Regarding Dr. Cameron

A.   The Statements in the Raxlen Article are Not Defamatory

Plaintiff argues that the March 15, 2018 article (hereinafter "March 2018 Article") has bearing on the statements made in the Cameron and Raxlen Articles, as the Raxlen and Cameron Articles allegedly contain a hyperlink to the subsequently published March 2018 Article. Plaintiff also argues, without any factual basis, that the Raxlen and Cameron Articles were somehow updated or edited.

2

Notably, plaintiff's counsel failed to point to a specific page or area in the Articles where the alleged hyperlink is located. One can surmise what plaintiff may be referring to (as he did not specifically identify where a hyperlink is located) is an area located after each article on the website entitled "Posted in" and "Tagged in". (See pg. 35 of Ex. "A"; pg. 25 of Ex. "C" of Bellamy's Declaration as Dkt. No. 83). A rudimentary understanding of the internet reveals that the tags and key terms section of the website function similar to search terms entered into any search engine such as Google or even Westlaw; the terms identify similar articles with the search terms. Hence, this does not amount to the Cameron or Raxlen Articles being edited or updated. As such, any statements contained within the March 2018 Article do not establish that the statements in the Cameron or Raxlen Articles are defamatory.

Plaintiff argues that the Raxlen Article should be considered as a whole to determine whether they are defamatory. When the Raxlen Article is read as a whole, with particular focus on the specific statements that plaintiff alleges were defamatory, it is clear that the statements in the Raxlen Article are either not "of and concerning plaintiff" and/or are non-actionable opinions.

Contrary to plaintiff's assertion, the holding in Chau v. Lewis is directly on point with the instant matter. In Chau, although the plaintiff was described in the book authored by defendant as a CDO manager, the statements identified by the plaintiff as defamatory solely pertained to the group of CDO managers, not the plaintiff specifically. See Chau v. Lewis, 771 F.3d 118, 129. The Court of Appeals in Chau therefore held that the alleged defamatory statements were not "of and concerning plaintiff" but rather only speaks about a group of which the plaintiff is a member." Id. In the instant matter, all of the statements identified by plaintiff in the Raxlen Article pertain to a class of physicians that treat "chronic Lyme", not plaintiff specifically, therefore, the statements are not "of and concerning" plaintiff. See Id.; Small Business Bodyguard v. House of Moxie, 230

9792101v.1

F.Supp.3d 290, 311 (S.D.N.Y. 2017). The contention that the statements do not identify any other physicians does not render the statements "of and concerning" plaintiff pursuant to the prevailing case law.

Plaintiff argues that because plaintiff was not accused by the Board of fabricating chronic-Lyme disease, the statements regarding chronic-Lyme are not opinions and are defamatory. However, Bellamy accurately cited the New York Department of Health, State Board for Professional Medical Conduct's (hereinafter "Board") charges against Dr. Raxlen in the Raxlen Article (as well as against Dr. Cameron in the Cameron Article).

After outlining the facts available to her by way of the Board's Statement of Charges and the Consent Agreement and Order, Bellamy then cited several articles, some of which were submitted with Grandison's Declaration, regarding the ongoing debate as to whether chronic-Lyme is a valid diagnosis. The research cited by and relied on by Bellamy in regard to a diagnosis of chronic-Lyme as a made-up or fabricated diagnosis are opinions based upon the disclosed information and therefore, not actionable. "[W]hen an author outlines the facts available to him, thus making it clear that the challenged statements represent his own interpretation of those facts, leaving the reader free to draw his own conclusions, those statements are generally protected by the First Amendment." Conduit v. Dunne, 317 F. Supp. 2d 344, 364 (S.D.N.Y. 2004); See Abbott; Gross, 82 N.Y.2d 146; Rubenstein v. Transit Workers' Union of Greater New York, U.S. Dist. Lexis 19969 (S.D.N.Y. 2005).

Remarkably, plaintiff contends that defendant "missed the point" regarding the alleged defamatory statements, and that Bellamy's opinion regarding whether chronic-Lyme is a valid diagnosis has nothing to do with the alleged defamatory statements. Yet, in the same breath plaintiff argues in the Amended Complaint that Bellamy defamed plaintiff by indicating he gives

"a prototypical fake medical diagnosis", and he argues in opposition to the instant motion that depicting plaintiff as fabricating and treating chronic-Lyme is a statement of false fact and is actionable. (See pgs. 32-33 of the Amended Complaint; pg. 27 of plaintiff's Memorandum in Opp.).

While plaintiff may be confused by his own allegations and his basis for commencing the instant action, the law is clear that the statements made are non-actionable opinions, as they are accompanied by a recitation of the facts upon which they are based. Abbott v. Harris Publications, Inc., U.S. Dist. Lexis 18990 (S.D.N.Y. 1998); Steinhilber, 68 N.Y.2d at 289-90; Gross v. New York Times Co., 82 N.Y.2d 146, 603 N.Y.S.2d 813 (1993); Rubenstein v. Transit Workers' Union of Greater New York, U.S. Dist. Lexis 19969 (S.D.N.Y. 2005).

Similarly the statements regarding the harm caused by long-term antibiotic use in the Raxlen Article is also accompanied by various sources which were relied upon by Bellamy in making the statements.

Moreover, plaintiff inaccurately states that no sources were included in the Raxlen Article that pertain to the cost of the treatment of chronic-Lyme. A quick glance of the Raxlen Article includes links to two sources regarding the number of individuals treated for chronic-Lyme (one article is from an organization that plaintiff is a member of) and the cost of the treatment of chronic-Lyme. Based upon the information provided, and in light of Bellamy's opinion that there is an insufficient amount of scientific evidence to support a diagnosis of chronic-Lyme, Bellamy stated opinions regarding the profitability of the treatment of chronic-Lyme.

In regard to actual malice, the Amended Complaint must plausibly plead that the alleged defamatory statements were made with actual malice, which plaintiff failed to do. See Biro v. Conde Nast, 807 F.3d 541, 545 (2d Cir. 2015). In other words, simply alleging that the statements

were knowingly false and made with malice do not satisfy plaintiff's burden. Plaintiff failed to plead actual malice, as he failed to lay out enough facts from which malice might be reasonably be inferred. See, Id. at 545. Indeed, the statements in the Articles amount to nothing more than expressions of Bellamy's opinion in regard to the ongoing public discourse regarding the validity of a diagnosis of chronic-Lyme based upon the recitation of information and sources specifically cited in the article.

### Point III. Plaintiff's Amended Complaint Must be Dismissed for Lack of Personal Jurisdiction

Plaintiff's arguments in regard to personal jurisdiction simply belie all existing law. New York's long-arm statute and corresponding case law specifically prohibits New York from exercising personal jurisdiction over Bellamy. For personal jurisdiction pursuant to CPLR Section 302(a)(1), the alleged defamatory statement must be purposefully directed at New York, as opposed to reaching New York, and the defendant must have transacted other business in New York directly connected to the underlying defamation claim, which are not present here. See Tannerite Sports, LLC, NBC Universal Media LLC, 135 F.Supp.3d 219, 230 (S.D.N.Y. 2015).

The allegations in the Amended Complaint do not establish that the alleged defamatory statements were purposefully directed at New York, as opposed to any other state or country. See Royalty Network Inc. v. Dishant.com, LLC, 638 F.Supp.2d 410 (S.D.N.Y. 2009) (mere availability of a website to New York residents is insufficient to confer jurisdiction over a defendant pursuant to CPLR Section 302(a)(1)).

More importantly, the Amended Complaint failed to allege how Bellamy transacted other business *in New York* that is directly connected to the preparation and publication of the alleged defamatory statements. In fact, other than the bare conclusory allegation that Bellamy transacted

business in New York "through the internet", the Amended Complaint alleges that all of Bellamy's alleged actions took place in Florida.

Notably, plaintiff argues in opposition to the instant motion that the only "transactions" Bellamy had with New York was "researching documents and web sites found exclusively in New York state…" (See pg. 10 of plaintiff's Memorandum in Opp.). Plaintiff's assertion that a website published on the *World Wide Web* can only be accessed in New York is absurd. If posting on a website that can be accessed by New York citizens does not establish that a defendant transacted business in New York, then accessing documents that were posted by a New York agency on a website equally cannot establish that a defendant transacted business in New York. See Tannerite Sports, 135 F.Supp.3d at 231.

Furthermore, plaintiff's arguments that the subject website is a "middle ground website" fail for several reasons. New York courts have held that allowing a user to post a comment on a website is such "low-level interactivity" and therefore insufficient to establish jurisdiction over a defendant. Lenahan Law Offices, LLC v. Hibbs, 2004 U.S. Dist. Lexis 30528. Plaintiff's contention that the subject website's solicitation of funds should be considered as transacted business is also without merit. In Best Van Lines, the plaintiff argued that the website's acceptance of donations on its website had a nexus to the defendant's alleged defamatory statements because the donations were solely used to publish negative statements on the website. See Best Van Lines, 490 F.3d at 254. The Court of Appeals held that:

> But this nexus – between allegedly tortious conduct and the revenue transactions required to support such conduct – is so attenuated, the relationship between the quest for funds and the lawsuit for which jurisdiction is sought is so insubstantial, that the nexus or relationship cannot alone be a sufficient basis upon which to establish jurisdiction over the defendant for purposes of this case.

Id. Therefore, New York does not have personal jurisdiction over Bellamy.

**Point IV.  The Complaint Must be Dismissed Pursuant to Florida's anti-SLAPP Law and Section 74 of the New York Civil Rights Law**

Under New York conflict-of-laws rules, the state with the most significant relationship to the alleged tort supplies the governing substantive law. See Davis v. Costa-Gavras, 580 F.Supp.1082, 1086 (S.D.N.Y 1984). Plaintiff alleges in paragraph 137 of the Amended Complaint that the subject articles were authored and the posting of the articles took place in Florida. (See ¶ 137 of the Amended Complaint). Therefore, Florida has the most significant interest in protecting its citizen and its anti-SLAPP law is applicable.

The fact that plaintiff is not located in Florida is immaterial, as the intent of the statute is to protect Florida citizen's right to exercise free speech in connection with public issues. Fla. Stat. § 768.295(1). As set forth above and in the moving papers, the statements in the subject articles are not defamatory and were made in connection with public issues. Therefore, Florida's anti-SLAPP law is applicable and Bellamy is entitled to an award of attorneys' fees and costs.

Section 74 of the New York Civil Rights Law is also applicable, as the subject articles were fair and true reports of the Board's misconduct proceedings. As set forth in the moving papers and above, the statements in the subject articles are not defamatory. Therefore, the second sentence of the statute is not applicable.

## CONCLUSION

It is clear that plaintiff's defamation claims based upon the Cameron Article are barred by New York's statute of limitations. As a matter of law, the Raxlen Article does not constitute an actionable republication and it does not contain independent defamatory statements regarding plaintiff. Therefore, the Amended Complaint must be dismissed.

In addition, this Court lacks personal jurisdiction over Bellamy for the alleged defamatory statements contained within the Cameron and Raxlen Articles that were authored and published in

Florida. Additionally, the Complaint must be dismissed pursuant to Florida's anti-SLAPP law, and the statements are privileged as a fair report pursuant to New York law.

Dated: New York, New York
      May 6, 2019

                              Respectfully submitted,

By: *[signature: Sasha R. Grandison]*

Sasha R. Grandison (SG1023)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
*Attorneys for Jann Bellamy i/s/h/a Jann Bellamy M.D.*
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File: 17163.00004
Sasha.Grandison@wilsonelser.com

9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on May 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and accurate copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *[signature: Sasha R. Grandison]*

Sasha R. Grandison (SG1023)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
*Attorneys for Jann Bellamy i/s/h/a Jann Bellamy M.D.*
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File: 17163.00004
Sasha.Grandison@wilsonelser.com