UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DANIEL CAMERON, M.D.,                         :
          Plaintiff,                         :
                                                        :                **OPINION AND ORDER**
v.                                                              :
                                                        :                18 CV 10395 (VB)
JANN BELLAMY,                                  :
          Defendant.                       :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Daniel Cameron, M.D., brings this action against defendant Jann Bellamy, alleging defamation and seeking damages and injunctive relief.[1]

    Now pending is defendant's motion to dismiss the amended complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) and failure to state a claim pursuant to Rule 12(b)(6). (Doc. #80).

    For the reasons set forth below, the motion to dismiss for lack of personal jurisdiction is GRANTED.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## BACKGROUND

    For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor.

    Plaintiff is a physician in Mount Kisco, New York, who treats patients with Lyme disease. Defendant is a retired attorney and contributor to the online publication ScienceBasedMedicine.org (the "website"), who resides in Tallahassee, Florida. Defendant is a

---

[1]     Plaintiff originally sued five other defendants, but stipulated to dismiss his claims against all five. (Docs. ##101, 102, 103, 104, 105).

1

founder and board member of the Society for Science-Based Medicine, a group that advocates for science-based standards in state and federal healthcare laws.

Plaintiff alleges defendant researched, wrote, and published three articles on the website on June 22, 2017, November 9, 2017, and March 15, 2018.  Plaintiff alleges that for the June 22 and November 9, 2017, articles, defendant relied on a consent agreement published by the New York State Board of Professional Medical Conduct concerning disciplinary charges against plaintiff.

Defendant does not dispute those allegations.  However, she argues she also relied on other sources and that she wrote and published the three articles from Florida.  Plaintiff does not dispute the latter.

## DISCUSSION

I.     Standard of Review

 "Where a defendant moves for dismissal under Rules 12(b)(2) . . . and (6), the Court must first address the preliminary [question] of . . . personal jurisdiction."  Hertzner v. U.S. Postal Serv., 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007);[2] see also Arrowsmith v. United Press Int'l, 320 F.2d 219, 234 (2d Cir. 1963) (remanding to district court to resolve issues relating to jurisdiction, then venue, "before any further consideration of the merits").

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "plaintiff bears the burden of showing that the court has jurisdiction over the defendant."  In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003).  Prior to conducting discovery, plaintiff may defeat a motion to dismiss "by pleading in good faith legally sufficient allegations

---

[2]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2

of jurisdiction." Ball v. Matallurgie Hoboken–Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). A plaintiff can also make this showing through his own affidavits and supporting materials containing an averment of facts that, if credited, would suffice to establish jurisdiction over a defendant. Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001). When there has been no hearing on the merits, "all pleadings and affidavits must be construed in the light most favorable to [plaintiff] and all doubts must be resolved in . . . plaintiff's favor." Landoil Res. Corp. v. Alexander & Alexander Servs. Inc., 918 F.2d 1039, 1043 (2d Cir. 1990).

II.   Personal Jurisdiction

Defendant, a Florida resident, argues plaintiff's amended complaint must be dismissed for lack of personal jurisdiction.

The Court agrees.

In a diversity case such as this, personal jurisdiction is determined by reference to the law of the state in which the Court sits. Kernan v. Kurz–Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). If personal jurisdiction is found under state law, the Court must also consider whether exercise of that jurisdiction "comports with the requirements of due process." Metropolitan Life Ins. Co. v. Robertson–CECO Corp., 84 F.3d 560, 567 (2d Cir. 1996).

A.   Legal Standard

To determine whether personal jurisdiction exists over a non-domiciliary defendant, the Court engages in a two-step inquiry. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010). First, the Court determines whether the forum state's law permits the exercise of jurisdiction over the defendant. See id. "[T]he second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution."

Id. at 164. The second step is required only if the forum state's jurisdictional requirements are satisfied. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244 (2d Cir. 2007).

"CPLR § 302 is New York's 'long-arm' statute permitting jurisdiction over an out-of-state defendant." Bidonthecity.com LLC v. Halverston Holdings Ltd., 2014 WL 1331046, at *3 (S.D.N.Y. Mar. 31, 2014). Section 302(a)(1) provides, "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, . . . who in person or through an agent[,] transacts any business within the state." N.Y. C.P.L.R. § 302(a)(1).[3] "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 168 (2d Cir. 2015).

To satisfy the first requirement of the long-arm statute, plaintiff must plead defendant transacted business in the state. New York courts have held transacting business must include something more than mere defamatory utterances sent into the state. Best Van Lines, Inc. v. Walker, 490 F.3d at 248–49 (citing cases). In the context of Internet defamation, New York courts have held that the "posting of defamatory material on a website accessible in New York does not, without more, constitute 'transacting business' in New York for the purposes of New York's long-arm statute." Id. at 250.

To satisfy the second requirement, plaintiff must show the "claim arises from a particular transaction when there is some articulable nexus between the business transacted and the cause of action sued upon, or when there is a substantial relationship between the transaction and the

---

[3] CPLR Sections 302(a)(2) and 302(a)(3) do not apply because they explicitly exclude defamation claims.


claim asserted." Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006). Internet defamation claims do not arise from "business transactions incident to establishing a website." Best Van Lines, Inc. v. Walker, 490 F.3d at 250–51.

B.    Application

Plaintiff asserts several bases for why defendant's allegedly defamatory statements give rise to personal jurisdiction in New York. Having considered plaintiff's assertions as a whole, the Court finds that plaintiff fails to satisfy either requirement of the New York long-arm statute to exert personal jurisdiction over defendant.

To satisfy the first requirement, plaintiff argues defendant's articles specifically targeted plaintiff's reputation and business. The Court rejects this argument because plaintiff's allegations are entirely conclusory. Plaintiff merely alleges defendant's "activities which give rise to personal jurisdiction" are the "libelous postings . . . directed specifically towards the Plaintiff who is a resident of New York." (Doc. # 73 ("Am. Compl.") ¶ 30).

Plaintiff next argues the alleged defamatory statements "arise out of research performed on documents located in New York." (Am. Compl. ¶ 35). In response, defendant cites Tannerite Sports, LLC v. NBCUniversal Media LLC, in which the district court differentiated between a defendant whose "contacts with New York were in preparation for the defamatory statement— for example, staying in New York to research a defamatory book or news broadcast [or whose] statements were purposefully written in or directed to New York," and one whose statements "reached the forum fortuitously, as by an Internet post accessible to anyone." Tannerite Sports, LLC v. NBCUniversal Media LLC, 135 F. Supp. 3d 219, 230–31 (S.D.N.Y. 2015), aff'd sub nom. Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC, 864 F.3d 236 (2d Cir. 2017).

Here, plaintiff has not included any allegations that defendant had contacts with New York related to preparing the articles. Moreover, defendant's reliance in her articles on a document published by a New York entity does not mean she had contacts with New York. Indeed, it is undisputed defendant researched and wrote the articles in Florida.

As discussed above, the pleadings lack any other specific allegations that defendant directed her statements at New York. Thus, plaintiff has failed to allege defendant transacts business in New York.

Plaintiff also argues the website's interactivity amounts to transacting business in New York and that the alleged defamation arose from the website's interactions with New York users. Specifically, plaintiff alleges (i) the website allows users in other states to comment; and (ii) the website links to external fundraising websites allowing users in other states to cover the website's operating expenses.

The Court disagrees. The Second Circuit rejected both grounds in Best Van Lines. In that case, the Circuit stated it "fail[ed] to perceive" why a statement that "was or was not in response to a question from someone somewhere else would, alone, make a difference." Best Van Lines, Inc. v. Walker, 490 F.3d at 254. And although the Best Van Lines court did not decide whether a website's acceptance of donations would be "enough to render it transacting any business within the state," the court rejected plaintiff's assertion that his claim arose from "the Website's acceptance of donations for the purposes of section 302(a)(1)." Id.

Thus, plaintiff has not sufficiently alleged defendant transacted business in New York or that plaintiff's claim arises from defendant's contacts in New York. Accordingly, the Court lacks personal jurisdiction over defendant.

III.     Jurisdictional Discovery

Plaintiff must first establish a prima facie case for personal jurisdiction before the Court may grant jurisdictional discovery.  See Jazini v. Nissan Motor Co. Ltd., 148 F.3d 181, 186 (2d Cir. 1998).   For the reasons discussed above, plaintiff has failed to make such a showing.  The Court therefore declines to permit discovery on whether there is personal jurisdiction over defendant.

**CONCLUSION**

The motion to dismiss for lack of personal jurisdiction is GRANTED.[4]  The case is dismissed without prejudice.

The Clerk is instructed to terminate the motion (Doc. #80) and close this case.

Dated:  October 28, 2019
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[4]  As the Court has dismissed plaintiff's claim based on lack of personal jurisdiction, rather than on the merits, it need not reach defendant's request for attorney's fees and costs under Florida's Anti-SLAPP statute.